IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WILLIAM D. PAUL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:06mc3329-WKW |
| | ) (WO) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**ORDER**

On July 13, 2006, petitioner filed the present action seeking to quash summons issued by Special Agent Larry J. Ellis of the Criminal Investigation Division of the Internal Revenue Service seeking records pertaining to plaintiff and served on various organizations. Petitioner contends that the summons are due to be quashed because, *inter alia*, the records sought were the subject of motions to quash in then-pending actions in this court.

On August 25, 2006, this court dismissed one of those actions – <u>William D. Paul v. United States</u>, Civil Action No. 2:06mc3292-WKW – because of plaintiff's failure to effect service on the United States within the 120 days allowed by Fed. R. Civ. P. 4(m). In that action, the United States argued that this court lacked personal jurisdiction over it because the petitioner failed to serve process in the manner set forth in Fed. R. Civ. P. 4(i). The court's order granting the motion to dismiss – like the government's motion – specifically advised plaintiff of the requirements of that rule:

>    **(1)** Service upon the United States shall be effected
>
>    **(A)** by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court or by sending a copy of the summons and of the complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney and
>
>    **(B)** by also sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia, and
>
>    **(C)** in any action attacking the validity of an order of an officer or agency of the United States not made a party, by also sending a copy of the summons and of the complaint by registered or certified mail to the officer or agency.

(Order on Motion to Dismiss in Civil Action No. 2:06mc3292-WKW, Doc. # 8)(quoting Fed. R. Civ. P. 4(i)).

The court's docket in the present case likewise reveals that petitioner has not effected service in the manner set forth in Rule 4(i). (See Plaintiff's certificate of service, Doc. # 1, p. 5)(reflecting service on United States by serving Special Agent Ellis and an Assistant United States Attorney by "depositing a copy of the same in the U.S. Mail, postage prepaid"). On November 29, 2006, the court entered an order directing the plaintiff to show cause why this action should not be dismissed for failure to effect service on the United States within 120 days as required by Fed. R. Civ. P. 4(m). Petitioner responds only that he served a copy

of his pleading on the Assistant United States Attorney and Special Agent Ellis "by depositing a copy of the same in the U.S. Mail, postage prepaid." (Doc. # 4).[1]

Service on Agent Ellis and AUSA Neeley by first class mail does not comport with Rule 4(i) and is insufficient to confer jurisdiction on the United States. "'Failure to properly serve the United States deprives the court of personal jurisdiction. . . . A jurisdictional defect of this sort is fatal to maintenance of an action.'" Holmstrom v. United States, 2003 WL 21254624, *2 (M.D. Fla. Apr. 4, 2003)(quoting Thompson v. Internal Revenue Service, 23 F. Supp.2d 923, 924 (N.D. Ind. 1998)).

Additionally, petitioner has not shown good cause for extension of the 120-day period of time for service under Rule 4(m). Petitioner was first advised of the requirements for service on the United States on April 27, 2006, when the government filed its motion to dismiss in petitioner's earlier case, over two months before plaintiff commenced this action. Plaintiff was again advised of these requirements on August 25, 2006 – six weeks after he filed the present motion to quash – when the court entered its order and judgment dismissing the previous petition for defective service. Despite this notice and the show cause order entered on November 29, 2006 in this case, petitioner has failed to take the appropriate corrective action. See Flory v. United States, 79 F.3d 24 (5th Cir. 1996)(affirming district

---

[1] This is the same response plaintiff provided in the previous action. It was insufficient in that case, as plaintiff was advised in the court's order granting the motion to dismiss.

court's dismissal of action against the United States because of plaintiff's failure to serve the Attorney General).

Because petitioner has not produced evidence that he has properly served the required parties, this action is due to be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m) for failure to effect service on the United States within 120 days. A separate judgment will be entered.

Done, this 2nd day of February, 2007.

/s/  W.  Keith Watkins
UNITED STATES DISTRICT JUDGE